IN THE UNITED STATES COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD ESPER and
CYNTHIA ESPER,

    Plaintiffs,

v

STANDARD FUEL ENGINEERING
COMPANY, a Michigan
Corporation,

    Defendant.

Honorable:
Case No.:

Lower Court Case No. 20-016314-NP

| | |
|---|---|
| ERIC B. ABRAMSON (P60949)<br>MARGARET H. JENSEN (P33511)<br>SERLING & ABRAMSON, P.C.<br>Attorneys for Plaintiffs<br>280 N. Old Woodward Ave., Ste. 406<br>Birmingham, Michigan 48009<br>(248) 647-6966 | PATRICK M. FISHMAN (P41656)<br>KATHARINE GOSTEK (P80973)<br>KITCH, DRUTCHAS, WAGNER, VALITUTTI & SHERBROOK<br>Attorneys for Defendant<br>One Woodward Ave., Ste. 2400<br>Detroit, MI 48226<br>(313) 965-7900 |

/

**NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT
AND CLAIM FOR DECLARATORY ACTION**

Kitch Drutchas
Wagner Valitutti &
Sherbrook
ATTORNEYS AND
COUNSELORS
ONE WOODWARD AVENUE,
SUITE 2400
DETROIT, MICHIGAN
48226-5485

(313) 965-7900

NOW COMES the defendant, STANDARD FUEL ENGINEERING COMPANY, by and through its attorneys, KITCH DRUTCHAS WAGNER VALITUTTI & SHERBROOK, and hereby respectfully submits this claim for declaratory action and notice of removal of the above captioned case pursuant to 28 U.S.C. § 1446(a) and 28 U.S.C. §1441, and as grounds for removal hereby states as follows:

I. **PLEADINGS RELATED TO REMOVED CASE.**

1. Plaintiffs Donald Esper and Cynthia Esper commenced this products liability action in the Wayne County Circuit Court, Case No.: 20-016314-NP, against multiple defendants alleging that decedent was exposed to asbestos during at worksites. A copy of plaintiff's complaint is attached hereto as Exhibit A.  Several other plaintiffs also filed similar law suits. This notice of removal involves seven (7) plaintiffs/causes of action:

| | |
|---|---|
| Lana Barber, Personal Representative for the Estate of Larry L. Barber | Wayne County Case No. 20-006826-NP |
| Carol Beatty, Personal Representative for the Estate of Earl T. Beatty | Wayne County Case No. 20-006060-NP |
| Donald Esper and Cynthia Esper | Wayne County Case No. 20-016314-NP |
| Gladys Henni, Personal Representative for the Estate of Carl Henni | Wayne County Case No. 20-007746-NP |

**Kitch Drutchas Wagner Valitutti & Sherbrook**
ATTORNEYS AND COUNSELORS
ONE WOODWARD AVENUE,
SUITE 2400
DETROIT, MICHIGAN
48226-5485

(313) 965-7900

2

| Robert Kachman, Personal Representative for the Estate of Nicholas Kachman | Wayne County Case No. 20-005638-NP |
|---|---|
| Scott L. McCaul, Personal Representative for the Estate of Robert L. McCaul, | Wayne County Case No. 20-008150-NP |
| Elaine Walczyk, Personal Representative for the Estate of Richard Walczyk | Wayne County Case No. 20-012537-NP |

2.  After the close of discovery, plaintiffs and defendants reached a settlement in the above-named cases and consent judgments and dismissals were entered on May 13, 2022 as to decedent plaintiffs Larry Barber, Earl Beatty, Carl Henni, Nicholas Kachman, Robert McCaul, and Richard Walczyk (Exhibit 4 to plaintiff's motion for injunctive relief, which is attached hereto as Exhibit B).  An order of dismissal with prejudice was entered in the Cynthia & Donald Esper case on June 2, 2022 (Exhibit 5 to plaintiff's motion for injunctive relief, which is attached hereto as Exhibit B).

3.  On June 24, 2022, the above-named plaintiffs jointly filed a single post-judgment motion for injunctive relief only against defendants Standard Fuel Engineering Company and Spence Brothers (motion for

Kitch Drutchas Wagner Valitutti & Sherbrook
ATTORNEYS AND COUNSELORS
ONE WOODWARD AVENUE, SUITE 2400
DETROIT, MICHIGAN 48226-5485

(313) 965-7900

3

injunctive relief, Exhibit B).[1] In the motion, plaintiffs seek to enjoin defendants[2] from reporting the settlements to the Centers for Medicare & Medicaid Services ("CMS") as required by the Medicare Secondary Payer Act, 42 U.S.C. § 1395y(b), arguing that the duty to report does not apply in these cases where there was no post-1980 asbestos exposure (*Id.*).  The motion does not involve the underlying state claims.

**II.      REMOVAL IS TIMELY AND VENUE IS PROPER IN THIS COURT.**

4.      Defendants were served a copy of the post-judgment motion for injunctive relief on June 24, 2022. This Notice of Removal is filed within thirty (30) days of service of the motion; therefore, the notice is timely pursuant to 28 U.S.C. §1446(b)(3) ( . . . " if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may

---

[1] Because the above-named actions never were officially consolidated, defendants will be filing notices of removal in all seven actions. Defendants request that this Court consolidate the seven actions pursuant to Fed. R. Civ. P. 42 for judicial economy where the matter at issue is the same in all seven cases.

[2] For purposes of this motion, any reference to defendants include defendants' liability insurer(s).

**Kitch Drutchas Wagner Valitutti & Sherbrook**
ATTORNEYS AND COUNSELORS
ONE WOODWARD AVENUE, SUITE 2400
DETROIT, MICHIGAN 48226-5485

(313) 965-7900

first be ascertained that the case is one which is or has become removable").

5. Defendants will promptly file this notice of removal with the Wayne County Circuit Court, after it has been filed with this Court and a copy of this Notice of Removal will also be served upon the counsel for plaintiffs. Removal to the United States District Court for the Eastern District of Michigan is proper because the state action was filed in Wayne County Circuit Court of the State of Michigan, this Court's District and Division. Accordingly, this Court is the appropriate venue for filing this Notice of Removal pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1446(a).

### III. GROUNDS FOR REMOVAL.

6. This is a civil action over which the Court has original jurisdiction under 28 U.S.C. § 1331 and is one that may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 based on federal question jurisdiction.

7. Generally, in order to determine whether a claim arises under federal law, the courts often examine the "well pleaded" allegations of the complaint. *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing,* 545 U.S. 308, 312, 125 S. Ct. 2363, 162 L. Ed. 2d 257

Kitch Drutchas Wagner Valitutti & Sherbrook
ATTORNEYS AND COUNSELORS
ONE WOODWARD AVENUE, SUITE 2400
DETROIT, MICHIGAN
48226-5485
(313) 965-7900

(2005); *Berera v. Mesa Medical Group, PLLC,* 779 F.3d 352, 357-358 (6th Cir. 2015). Under the "artful-pleading doctrine," however--an exception to the "well-pleaded complaint" rule--plaintiff cannot avoid removal jurisdiction by artfully casting her essentially federal law claims as state-law claims. *Berera,* 779 F.3d at 358.

8. Under the substantial federal question doctrine, federal court jurisdiction also exists where the state law claims "implicate significant federal issues." *Grable,* 545 U.S. at 312-314. Under this doctrine, (1) the state law claim must necessarily raise a disputed federal issue; (2) the federal interest in the issue must be substantial; and (3) the exercise of jurisdiction must not disturb any congressionally approved balance of federal and state judicial responsibilities. *Grable,* 545 U.S. at 314; *U.S. v. City of Loveland, Ohio,* 621 F.3d 465, 472 (6th Cir. 2010).

9. The claims here satisfy all prongs of the test for claims "arising under" federal law established by the Supreme Court under *Grable.*

10. Here, plaintiffs' request for relief necessarily raises a disputed federal issue – whether liability insurers (including self-insurers) are required to report information regarding settlements with Medicare recipients to the Centers for Medicare & Medicaid Services ("CMS") under Medicare Secondary Payer Act ("MSPA"), 42 U.S.C. § 1395y(b) (Exhibit B).

**Kitch Drutchas Wagner Valitutti & Sherbrook**
ATTORNEYS AND COUNSELORS
ONE WOODWARD AVENUE, SUITE 2400
DETROIT, MICHIGAN 48226-5485
(313) 965-7900

See *City of Loveland, supra* (federal question is presented because it is impossible to resolve issue presented in the case without analyzing and interpreting a federal consent decree).

11.   Before the enactment of the MSPA, 42 U.S.C. § 1395y(b) [section 1862(b) of the Social Security Act], Medicare often was the "primary" payer of medical expenses.  The MSPA was enacted to reverse this and to ensure that Medicare would be "the 'secondary payer' for medical services provided to Medicare beneficiaries whenever payment is available from another primary payer." *Stalley v. Methodist Healthcare,* 517 F.3d 911, 915 (6th Cir. 2008). The liability insurance (including self-insurance) and no-fault insurance MSP provisions were effective December 5, 1980. Medicare Secondary Payer provisions have been amended several times. One of the amendments includes section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007 ("MMSEA Section 111"), which added mandatory reporting requirements by liability insurance (including self-insurance), no-fault insurance, or workers' compensation with respect to Medicare beneficiaries who receive settlements, judgments, awards or other payment from said liability insurance (including self-insurance), no-fault insurance, or workers' compensation. 42 U.S.C. § 1395y(b)(8). Under the MSPA, the insurer is required to report to CMS

Kitch Drutchas Wagner Valitutti & Sherbrook
ATTORNEYS AND COUNSELORS
ONE WOODWARD AVENUE, SUITE 2400
DETROIT, MICHIGAN 48226-5485
(313) 965-7900

certain details of any settlement, judgment, award, or other payments to Medicare recipients arising out of asbestos exposures. *Id.* An insurer who fails to comply with the mandatory reporting requirements "may be subject to a civil money penalty of up to $1,000 for each day of noncompliance with respect to each claimant [Medicare recipients plaintiff]."[3] 42 U.S.C. § 1395y(b)(8)(E)(i).

12.  42 U.S.C. § 1395y(b)(8)(H) provides that, "Notwithstanding any other provision of law, the Secretary may implement this paragraph by program instruction or otherwise." Based on this statute, CMS has implemented program instructions/guidelines.[4]  CMS created an exception to the mandatory reporting provisions involves settlements, judgments, awards and other payments comprising entirely pre-December 5, 1980 occurrences; i.e. asbestos exposure occurring exclusively before December 5, 1980 (CMS, *Liability Insurance (Including Self-Insurance): Exposure, Ingestion, and Implantation Issues and December 5, 1980*,

---

[3] Plaintiffs do not appear to be arguing that they are not Medicare recipients.

[4] *See* e.g. Medicare Secondary Payer (MSP) Non-Group Health Plan (NGHP) reporting manual, available at: https://www.cms.gov/Medicare/Coordination-of-Benefits-and-Recovery/Mandatory-Insurer-Reporting-For-Non-Group-Health-Plans/NGHP-User-Guide/NGHP-User-Guide

Kitch Drutchas Wagner Valitutti & Sherbrook
ATTORNEYS AND COUNSELORS
ONE WOODWARD AVENUE, SUITE 2400
DETROIT, MICHIGAN 48226-5485
(313) 965-7900

dated 8/19/14, attached hereto as Exhibit C). The CMS directive provides the criteria that must be met in order to be exempt from the statutory duty to report, as follows:

> When **ALL** of the following criteria are met, Medicare will not assert a recovery claim against a liability insurance (including self-insurance) settlement, judgment, award, or other payment; and MMSEA Section 111 MSP reporting is not required.. . .
>
> • All exposure or ingestion ended or the implant was removed before December 5, 1980;
>
> • Exposure, ingestion, or an implant on or after December 5, 1980, has not been claimed in the most recently amended operative complaint (or comparable supplemental pleading) and/or specifically released; and
>
> • There is either no release for the exposure, ingestion, or an implant on or after December 5, 1980, or where there is such a release, it is a broad general release (rather than a specific release), which effectively releases exposure or ingestion on or after December 5, 1980. The rule also applies if the broad general release involves an implant. [(*Id*. p 2) (emphasis in original).[5]

13.  Although, defendants do not dispute that discovery has revealed no asbestos exposure after December 5, 1980 in the above-named cases, defendants submit that the second requirement – that exposure after December 5, 1980, has not been claimed in the most

---

[5] *See* also NGHP Reporting Manual (version 6.7, last updated January 2022), Ch. III, pg. 6-24, available at: https://www.cms.gov/files/document/mmsea-111-january-10-2022-nghp-user-guide-version-67-chapter-iii-policy-guidance.pdf

Kitch Drutchas Wagner Valitutti & Sherbrook
ATTORNEYS AND COUNSELORS
ONE WOODWARD AVENUE, SUITE 2400
DETROIT, MICHIGAN 48226-5485
(313) 965-7900

recently amended operative complaint or comparable supplemental pleading – has not been met in these cases where the complaints for the above-named plaintiffs provide that asbestos exposure occurred both pre- and post- 1980 (complaints, Exhibit A).

14. As such, plaintiffs request for injunctive relief necessarily raises a disputed federal issue – whether defendants have a duty under federal law to report the settlements to CMS despite the facts that discovery has not revealed post-1980 asbestos exposure. It is impossible to determine the issue of whether plaintiff is entitled to injunctive relief without analyzing and interpreting the Medicare Secondary Payer Act and its implementing regulations. See *Parra v. Pacificare of Ariz., Inc.,* 715 F.3d 1146, 1152 (9th Cir. 2013) ("interpretation of the federal Medicare Act presents a federal question"); *Plante v. Dake*, 621 Fed. Appx. 67 (2nd Cir. 2015) ("In the present case, we conclude that the Court erred in dismissing Plante's FAC for lack of federal-question jurisdiction because Plante asserts claims under the MSP, which is a federal statute.").

15. The federal interest in the issue also is substantial. The federal issue here involves a federal agency – CMS –and directly implicates that agency's interest in direct recovery of reimbursement through the procedures set forth under the Medicare Secondary Payer Act and

Kitch Drutchas
Wagner Valitutti &
Sherbrook
ATTORNEYS AND
COUNSELORS
ONE WOODWARD AVENUE,
SUITE 2400
DETROIT, MICHIGAN
48226-5485

(313) 965-7900

implementing regulations. The federal issue here is important because, not only would a decision on the federal question resolve the case (i.e., the federal question is not merely incidental to the outcome), but also, because it arises in many other cases.  Here, due to the lack of clarity regarding whether liability insurers are required to report settlements, awards, judgments, and/or other payments where the complaint alleges broad exposure dates beyond December 5, 1980, but discovery reveals no post-1980 exposure, insurers, particularly in mass tort litigation, tend to err on the side of caution and report such settlements in order to prevent the risk of a $1000 per day fine.  Such reporting leads to unnecessary time and expense by not only CMS, but also plaintiffs, to resolve.  As such, the federal interest in the issue is substantial. *Loveland,* 621 F.3d at 472.

16.   Finally, the exercise of jurisdiction would not upset any congressionally approved balance between state and federal jurisdiction.  A decision in this case whether defendants here are required by federal law to report settlements to CMS would not increase the amount of litigation in federal courts.  Moreover, a decision by state court may bring about an issue of preemption. *State v. Lampart (In re Lampart)*, 306 Mich. App. 226 (2014) ("When a state court order attaches to Social Security benefits in contravention of 42 USC 407(a), the attachment amounts to a conflict with

Kitch Drutchas Wagner Valitutti & Sherbrook
ATTORNEYS AND COUNSELORS
ONE WOODWARD AVENUE, SUITE 2400
DETROIT, MICHIGAN 48226-5485
(313) 965-7900

federal law, and such a conflict is one 'that the State cannot win.'") quoting *Bennett v. Arkansas*, 485 U.S. 395, 397; 108 S. Ct. 1204 (1988); *Foster v. Foster,* 505 Mich. 151, 156 (2020) (a consent judgment of divorce was unenforceable to the extent it was preempted by federal statute).

17.  This Court has jurisdiction to decide whether the Medicare Secondary Payer Act and its implementing regulations require defendants to report these settlements to CMS.

**IV.  FILING OF REMOVAL PAPERS AND NO WAIVER.**

18.  Pursuant to 28 U.S.C. § 1446(d), contemporaneously with the removal of this action to this Court, Defendant will provide written notice of removal to Plaintiff's counsel and file a Notice to State Court of Removal to Federal Court with the Wayne County Circuit Court of Michigan. Attached to this notice of removal are copies of all post-judgment filings known to defendants, which consist of plaintiffs' motion for injunctive relief and defendants' response. Exhibit B and Exhibit D, respectively.

19.  No admission of law, fact, or liability is intended by this Notice of Removal. Nor does this Notice of Removal waive any defenses available to defendants.

20.  Removal to federal court is proper in this case and the undersigned counsel for defendants, has read the foregoing and signs this

**Kitch Drutchas Wagner Valitutti & Sherbrook**
ATTORNEYS AND COUNSELORS
ONE WOODWARD AVENUE, SUITE 2400
DETROIT, MICHIGAN 48226-5485
(313) 965-7900

Notice of Removal pursuant to Fed. R. Civ. P. 11, as required by 28 U.S.C. § 1446(a).

**V.    REQUEST FOR DECLARATORY JUDGMENT – 28 U.S.C. § 2201.**

21.    A court may award declaratory relief "[i]n a case of actual controversy within its jurisdiction." 28 U.S.C. § 2201.

22.    Defendants here seek declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 as to whether defendants have a duty under the MSPA, its implementing regulations, and statutorily permitted CMS guidelines.[6]

23.    Defendants CMS and request CMS to clarify its position as to its reporting guidelines such that defendants seek assurances that defendants are not required to report under these circumstances.

WHEREFORE, defendant Standard Fuel Engineering Company respectfully removes this action from Wayne County Circuit Court Michigan, to this Court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. Should any question arise as to the propriety of this removal, defendants respectfully requests an opportunity to provide further briefing and oral argument.

---

[6] In the event that plaintiffs' motion seeks to prevent defendants from notifying CMS regarding this issue, defendants plan on filing a motion for leave to add CMS as a party to this action.

Kitch Drutchas Wagner Valitutti & Sherbrook
ATTORNEYS AND COUNSELORS
ONE WOODWARD AVENUE, SUITE 2400
DETROIT, MICHIGAN 48226-5485
(313) 965-7900

                                                  Respectfully submitted,

                                                  KITCH DRUTCHAS WAGNER
VALITUTTI & SHERBROOK

                                       By: */s/* Katharine Gostek
                                            PATRICK M. FISHMAN (P41656)
                                            KATHARINE GOSTEK (P80973)
                                            Attorneys for Defendant Standard Fuel Engineering Company
                                            One Woodward Ave., Ste. 2400
                                            Detroit, MI 48226
Dated:  July 14, 2022                  (313) 965-7900

**Kitch Drutchas Wagner Valitutti & Sherbrook**
ATTORNEYS AND COUNSELORS
ONE WOODWARD AVENUE, SUITE 2400
DETROIT, MICHIGAN 48226-5485
(313) 965-7900

14

## **CERTIFICATE OF SERVICE**

I certify that on July 14, 2022, the foregoing Notice of Removal was presented and uploaded to the United States District Court – Eastern District of Michigan ECF system which will send notification of such filing to the attorneys of record listed herein and I hereby certify that a copy of this document was mailed by US Postal Service to any involved non-ECF participant.

                                         */s/* Katharine Gostek
                                         Attorney for Defendant

**Kitch Drutchas Wagner Valitutti & Sherbrook**
ATTORNEYS AND COUNSELORS
ONE WOODWARD AVENUE, SUITE 2400
DETROIT, MICHIGAN 48226-5485

(313) 965-7900